Henry Clay Greenberg, J.
Defendant moves for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. The action is one in equity for an accounting. Defendant urges that plaintiff’s remedy is at law and that no relationship exists between the parties imposing an obligation to account. Plaintiff conducts a supermarket and purchases fruit and vegetables at wholesale from the defendant. It alleges that pursuant to custom in the trade, orders were placed and upon delivery slips were presented and signed and on which were contained the merchandise received and the reasonable value thereof, and that purchasers would make payment to the sellers in accordance with the tenor of such sales slips. It is further alleged that in the conduct of its business the *533 plaintiff did entrust to certain of its employees the duty of ordering the merchandise, entering into agreements, fixing the value thereof, and to sign the receipts for actual delivery, whereupon payment would be made by plaintiff. It is further alleged that the defendant had due and timely notice and knowledge of the relationship existing between the plaintiff and its trusted employees. With such knowledge the defendant engaged in a conspiracy inducing at least one of plaintiff’s employees to sign sales slips which purported to represent the delivery of merchandise and the reasonable value thereof when, in truth, there was contained on such slips items of merchandise never delivered and prices far in excess of reasonable value, and that such sales slips were presented to plaintiff’s trusted employee and executed by him for the purpose of accomplishing the fraud. Thus plaintiff alleges a known position of trust between itself and its employee and defendant’s joint action with the trusted employee in the breach of that trust whereby defendant did receive the property of the plaintiff.
The motion is denied.